[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12386
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 10, 2010
JOHN LEY
CLERK

D.C. Docket No. 0:09-cv-61900-MGC

DR. MASSOOD JALLALI,

                                               Plaintiff Appellant,

versus

STATE OF FLORIDA,
Department of Health and
Rehabilitative Services,
GRACE M. MURILLO,
JOHN DOE,
JANE DOE,
FOURTH DISTRICT COURT OF APPEAL,

                                               Defendants Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 10, 2010)

Before TJOFLAT, EDMONDSON and PRYOR, Circuit Judges.

PER CURIAM:

This case stems from the decision of the District Court of Appeal of Florida reversing a money judgment in favor of appellant Massood Jallali against Nova Southeastern University. Jallali v. Nova Southeastern University, Inc., 992 So.2d 338 (Fla. 4th D.C.A. 2008).[1] After losing the appeal, Jallali sued the State of Florida, the district court of appeal, and Grace Murillo, one of the court's law clerks, seeking a money judgment under 42 U.S.C. §§ 1981 and 1983. Jallali alleged that the State and the court denied him his constitutional right of access to the courts because the court's judges and Murillo failed to recuse as required by Florida law because they had a conflict of interest. The district court dismissed his complaint, as amended, see Fed. R. Civ. P. 12(b)(6), on the grounds that the Eleventh Amendment barred the suit against the State and the court and that Murillo had judicial immunity. Jallali now appeals. We affirm.

---

[1] The court described Jallali's claim and the judgment he received thusly:

> Massood Jallali, a student in the Osteopathic Medical Program, sued Nova Southeastern University for breach of an implied contract. The suit alleged that Jallali had satisfied the terms and conditions for graduation from Nova's osteopathic program, but that the university refused to confer a degree upon him. Jallali sought reimbursement for $250,000 in tuition costs, lost earnings while in school of $836,869, and lost future earnings of $6,900,000. A jury returned a verdict for $819,000.

Jallali, 9921 So.2d at 993.

2

## I.

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has interpreted the Amendment as evidence that sovereign immunity, derived from "the structure of the original Constitution itself," protects a state from suit not only by citizens of other states, but by its own citizens as well. *Alden v. Maine*, 527 U.S. 706, 727-29, 119 S.Ct. 2240, 2254-55, 144 L.Ed.2d 636 (1999). Consequently, federal courts have no jurisdiction to hear private suits for damages against a state unless (1) the state has explicitly consented to suit in federal court, thus waiving its sovereign immunity, or (2) Congress has specifically abrogated the state's immunity. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304-06, 110 S.Ct. 1868, 1872-73, 109 L.Ed.2d 264 (1990).

The State of Florida and the district court of appeal are protected by sovereign immunity. Because none of the exceptions to sovereign immunity apply, the district court properly dismissed Jallali's complaint against them.

## II.

Judges are absolutely immune from suit, even if they acted in error,

maliciously, or in excess of jurisdiction, unless they acted outside their judicial capacity or in the clear absence of all jurisdiction. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). Absolute judicial immunity extends not only to judges, but to other persons whose "official duties have an integral relationship with the judicial process." *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994). Because drafting an appellate court opinion is an inherently judicial activity, a law clerk enjoys absolute immunity in doing so. *See Sibley*, 473 F.3d at 1071.

By helping draft an appellate opinion, Murillo engaged in judicial activity. Therefore, she possessed absolute immunity, and the district court did not err in dismissing Jallili's complaint against her.

AFFIRMED.